IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:17-CV-127-FL

| JOY KUREK, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | **and** |
| | ) | **MEMORANDUM AND** |
| ANDREW BURROUGHS, | ) | **RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |

This pro se case is before the court on the motion (D.E. 1) by plaintiff Joy Kurek ("plaintiff") to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a)(1) and for the associated frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). The motion and frivolity review were referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1). *See* unnumbered 8 Sept. 2017 Public D.E. For the reasons stated below, the court will allow plaintiff's motion to proceed *in forma pauperis*, but recommend that this action be dismissed as frivolous pursuant to the *Rooker-Feldman* doctrine, *Younger* abstention doctrine, and domestic relations abstention doctrine.

### ORDER ON *IN FORMA PAUPERIS* MOTION

Based on the information in the motion to proceed *in forma pauperis*, the court finds that plaintiff has adequately demonstrated her inability to prepay the required court costs. Her motion (D.E. 1) to proceed *in forma pauperis* is therefore ALLOWED.[1]

---

[1] The court notes that the application indicates a monthly income of $25,000.00 for plaintiff's spouse. IFP Mot. ¶ 1. Based on the other information contained within the application, the court concludes that this figure was intended to represent a yearly figure capturing the past 12 months in its entirety and does not disqualify plaintiff from eligibility for IFP status.

# MEMORANDUM AND RECOMMENDATION ON FRIVOLITY REVIEW

## I. BACKGROUND

Plaintiff's claims arise from child custody disputes between her and defendant Andrew Burroughs ("defendant"), who is the father of plaintiff's daughter. *See generally* Compl. (D.E. 1-1). Defendant was awarded sole custody of their daughter pursuant to a final order entered 17 November 2015 ("final order") in Cattaraugus County Family Court in Olean, New York. Final Order (D.E. 1-4) 6-7. The final order provided that plaintiff be permitted visitation with their daughter in New York State to be supervised by defendant, or as the parties may otherwise agree. *Id.* at 7.

Plaintiff contends that communication between her and defendant relating to their daughter deteriorated to the point that she ended up blocking defendant's emails to her. Compl. ¶ III.C.4. Despite plaintiff petitioning for the child support case to be transferred from New York to North Carolina, her requests have been ignored. *Id.* § III.C.6. Plaintiff's daughter has repeatedly stated that she wishes to live with plaintiff and plaintiff's husband, but has been forced to live in New York with defendant. *Id.* § III.C.13, 14. Based on what plaintiff's daughter told plaintiff about her time in New York with defendant, plaintiff contacted Child Protective Services. *Id.* § III.C.16.

In August of 2017, defendant lied to the New York state family court about plaintiff breaking an agreement to return their daughter to New York, even though no agreement had been reached between them. *Id.* § III.C.7, 9. As a result of defendant's perjury, plaintiff was directed to appear in family court in New York on 12 September 2017. *Id.* § III.C.9. When plaintiff contacted the New York court to advise that a forecasted hurricane might impede her ability to be in New York, she was told that she should not have moved from New York and it was not their problem if she missed court. *Id.* § III.C.17. Because of the repeated legal harassment against

plaintiff by the New York courts and defendant, plaintiff is unable to move on with her life. *Id.* § III.C.10.

As relief, plaintiff asks this court to enjoin the proceedings in the New York state family court and prevent that court from requiring plaintiff's in-person attendance in New York. *Id.* § V. She also requests that she be permitted to provide electronic testimony for the New York family court hearing and for future court dates thereafter. *Id.* Finally, plaintiff seeks temporary sole custody of her daughter. *Id.*

## II.   APPLICABLE LEGAL STANDARDS

The court must dismiss a case brought *in forma pauperis* if it determines that the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i), (ii); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court is not permitted to dismiss a claim as frivolous merely because the supporting allegations seem unlikely to have occurred. *Denton*, 504 U.S. at 33.

The failure to state a claim standard is the same one under Fed. R. Civ. P. 12(b)(6). *See De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003) ("The standards for reviewing a dismissal under § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6)."). In considering a Rule 12(b)(6) motion, a court may consider documents attached to the complaint so long as the documents are integral to the complaint and authentic. *See Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty., Md.*, 684 F.3d 462, 467 (4th Cir. 2012); *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). "Moreover, a federal court may consider matters of public record such as documents

3

from a prior state court proceeding in conjunction with a Rule 12(b)(6) motion." *Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009); *see also Papasan v. Allain*, 478 U.S. 265, 268 n. 1 (1986).

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). Case law explains that the complaint must "'state[ ] a plausible claim for relief' that 'permit[s] the court to infer more than the mere possibility of misconduct' based upon 'its judicial experience and common sense.'" *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Likewise, a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted)).

In evaluating frivolity specifically, a pro se plaintiff's pleadings are held to "less stringent standards" than those drafted by attorneys. *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). Nonetheless, the court is not required to accept a pro se plaintiff's contentions as true. *Denton*, 504 U.S. at 32. Instead, the court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. Provided that a plaintiff's claims are not clearly baseless, the court must weigh the factual allegations in plaintiff's favor in its frivolity analysis. *Denton*, 504 U.S. at 32. The court must read the complaint carefully to determine if a plaintiff has alleged specific facts sufficient to support the claims asserted. *White*, 886 F.2d at 724.

4

A court may consider subject matter jurisdiction as part of the frivolity review. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure"); *Cornelius v. Howell*, No. 3:06-3387-MBS-BM, 2007 WL 397449, at *2-4 (D.S.C. 8 Jan. 2007) (discussing the lack of diversity jurisdiction during frivolity review as a basis for dismissal). "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific situations authorized by Congress." *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). The presumption is that a federal court lacks jurisdiction in a particular case unless it is demonstrated that jurisdiction exists. *Lehigh Min. & Mfg. Co. v. Kelly*, 160 U.S. 327, 336-37 (1895). The burden of establishing subject matter jurisdiction rests on the party invoking jurisdiction, here plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) ("The burden of proving subject matter jurisdiction . . . is on the plaintiff, the party asserting jurisdiction."). The complaint must affirmatively allege the grounds for jurisdiction. *Bowman*, 388 F.2d at 760. If the court determines that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

## III.   LACK OF SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS

### 1.   *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine bars federal courts from sitting "in direct review of state court decisions." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-84 (1983). "[T]he *Rooker-Feldman* doctrine applies only when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." *Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)). This doctrine also prohibits a district court from reviewing constitutional claims that are "inextricably intertwined" with a state court decision.

*Shooting Point, LLC v. Cumming*, 368 F.3d 379, 383 (4th Cir. 2004). "A federal claim is 'inextricably intertwined' with a state court decision if 'success on the federal claim depends upon a determination that the state court wrongly decided the issues before it.'" *Id.* (quoting *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997)); *see also Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997) (holding that a federal claim is "'inextricably intertwined" where "in order to grant the federal relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual'" (quoting *Ernst v. Child and Youth Servs.*, 108 F.3d 486, 491 (3d Cir. 1997))).

In other words, *Rooker-Feldman* applies "when the federal action 'essentially amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower federal court.'" *Davis v. Durham Mental Health Devel. Disabilities Substance Abuse Area Auth.*, 320 F. Supp. 2d 378, 388 (M.D.N.C. 2004) (quoting *Plyer v. Moore*, 129 F.3d 728, 733 (4th Cir. 1997)). "[T]he key inquiry is not whether the state court ruled on the precise issue raised in federal court, but whether the 'state-court loser who files suit in federal court seeks redress for an injury caused by the state-court decision itself.'" *Willner v. Frey*, 243 F. App'x 744, 747 (4th Cir. 2007) (quoting *Davani*, 434 F.3d at 718). "'[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).

The injuries alleged by plaintiff in this case result from purported improprieties in the New York state family court proceedings, including but not limited to allegations that the court relied on false testimony by defendant, her requests to transfer the action to North Carolina courts have

6

gone ignored, and that the child custody final order entered should be amended or vacated to award plaintiff temporary sole custody of her daughter. Determination of plaintiff's claims in her favor would necessarily require this court to find that the New York family court proceedings were conducted in an improper manner, produced an improper result, or both. The *Rooker-Feldman* doctrine prohibits this court from making such a determination. Plaintiff, of course, retains access to the state court for pursuit of her claims.

Accordingly, the court concludes that the *Rooker-Feldman* doctrine applies to the claims asserted by plaintiff and, consequently, this court lacks subject matter jurisdiction over them. This case should accordingly be dismissed as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), on the basis of the *Rooker-Feldman* doctrine. *See McAllister v. North Carolina,* No. 5:10-CV-79-D, 2011 WL 883166, at *4 (E.D.N.C. 11 Mar. 2011) (holding that the *Rooker-Feldman* doctrine precluded the court's subject matter jurisdiction over plaintiff's claims challenging state court decisions concerning his child support obligations, including his claim that he was "persecuted" during the state proceedings); *see also Dayson v. Lanier*, No. 4:14-CV-131-FL, 2014 WL 4181701, at *3 (E.D.N.C. 21 Aug. 2014) (dismissing complaint alleging claims relating to plaintiff's domestic situation based upon *Rooker-Feldman*); *Richardson v. Green*, No. 5:11-CV-202-H (E.D.N.C. 6 July 2011), *aff'd,* No. 11-1745, 2012 WL 432946, at *1 (4th Cir. 13 Feb. 2012) (concluding that review of a state court child support order was foreclosed by the *Rooker-Feldman* doctrine), *cert. denied*, 133 S. Ct. 296 (1 Oct. 2012); *Kelley v. Saleeby*, No. 4:08-00639-RBH, 2008 WL 3927230, at *2 (D.S.C. 21 Aug. 2008) (applying *Rooker-Feldman* to dismiss plaintiff's complaint seeking to have the district court review and modify child custody orders issued in a state family court case).

## 2. *Younger* Abstention Doctrine

*Younger v. Harris*, 401 U.S. 37 (1971) established the principle that federal courts should not intervene in state court criminal, civil, and administrative proceedings. *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975). "*Younger* and 'its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances.'" *Beam v. Tatum*, 299 F. App'x 243, 245 (4th Cir. 2008) (quoting *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982)). Abstention is required where "(1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges." *Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006).

Here, not only does plaintiff challenge the legality of the New York state family court proceeding, but she requests this court to intervene and relieve her of her obligations that have been ordered by that court. Matters relating to family court proceedings unquestionably implicate important state interests and are subject to abstention. *Lindiment v. Jones*, No. 1:17CV501, 2017 WL 4119644, at *8 (M.D.N.C. 15 Sept. 2017) (recommending dismissal of plaintiff's custody claims in part on the basis of *Younger* abstention principles because custody and matters implicate important state interests), *recomm. adopted*, 2017 WL 4417676, at *1 (3 Oct. 2017). Plaintiff has an adequate state forum to pursue her claims. *See Thomas v. Equitable Life Mortg. and Realty Investors,* No. 3:13–130–CMC–PJG, 2013 WL 2352589, at *8 (D.S.C. 29 May 2013) (holding that plaintiff could raise his constitutional claims arising under foreclosure proceeding in state court because "'ordinarily a pending state [proceeding] provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights'" (quoting *Kugler v. Helfant*, 421 U.S.

117, 124 (1975))). The court accordingly concludes that the principle of abstention under *Younger* provides an additional ground for dismissal of this case as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### 3. Domestic Relations Abstention

The court finds that it also lacks subject matter jurisdiction over the child custody issues that comprise the subject matter of the underlying state proceeding pursuant to the domestic relations abstention doctrine. This doctrine holds that federal courts generally abstain from hearing child custody matters because such matters are better handled by the states, which have the experience to deal with this specific area of the law. *Cantor v. Cohen*, 442 F.3d 196, 202 (4th Cir. 2006) (citing *Cole v. Cole*, 633 F.2d 1083, 1087 (4th Cir. 1980)). This additional ground for finding that this court lacks subject matter jurisdiction over this proceeding requires that it be dismissed. *See Lindiment,* 2017 WL 4119644, at *7 (holding that the domestic relations exception divests the court of jurisdiction over child custody claims and renders such claims frivolous); *In re Rodgers*, Civ. Act. No. 5:06CV00071, 2006 WL 2728661, at *1-2 (W.D. Va. 25 Sept. 2006) (remanding child custody case removed from state court under domestic relations exception to diversity jurisdiction) (citing *Ex parte Burrus*, 136 U.S. 586, 593-94 (1890) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States.")); *see also Abessolo v. Smith*, No. 1:11–CV–00680, 2012 WL 668773, at *2-4 (S.D. Ohio 29 Feb. 2012) (recommending dismissal for lack of subject matter jurisdiction under domestic relations abstention doctrine where plaintiff's claims, including allegations of child neglect, focused on child custody and related domestic issues), *rep. & recomm. adopted*, 2012 WL 1564321 (2 May 2012).

## IV. CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that the complaint be dismissed for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

IT IS DIRECTED that a copy of this Order and Memorandum and Recommendation be served on plaintiff or, if represented, his counsel. Plaintiff shall have until 30 November 2017 to file written objections to the Order and Memorandum and Recommendation. The presiding district judge must conduct her own review (that is, make a de novo determination) of those portions of the Order and Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Order and Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If a party does not file written objections to the Order and Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Order and Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Order and Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Order and Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).**

This 16th day of November 2017.

James E. Gates
United States Magistrate Judge